UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY L. WEBB, | Case No. 22-cv-02040-JST |
| Plaintiff, | |
| v. | **ORDER OF DISMISSAL** |
| E. SHEDXI DUNKIN, et al., | |
| Defendants. | |

Plaintiff, an inmate at Maguire Correctional Facility, has filed a *pro se* action pursuant to 42 U.S.C. § 1983.  His complaint (ECF No. 1) is now before the Court for review under 28 U.S.C. § 1915A.  His request for leave to proceed *in forma pauperis* has been granted in a separate order.

**DISCUSSION**

**A.      Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

United States District Court
Northern District of California

While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Complaint**

Plaintiff filed this action on or around March 19, 2022.[1]  The complaint alleges that on March 17, 2022, defendant Dunkin called him a "rat" before numerous inmates in retaliation for Plaintiff filing numerous grievances, in violation of the Eighth Amendment.  Plaintiff seeks "emergency" declaratory injunctive relief ordering the County Sheriff and custody authorities to order defendant Dunkin to stop retaliating against him and requiring these entities to ensure Plaintiff's safety.  He also requests appointment of counsel and "other civil damages and injuries and other assessment this honorable Court may deem proper just and equitable."  *See generally* ECF No. 1.  Liberally construed, the complaint states a cognizable claim for deliberate indifference to inmate safety in violation of the Eighth Amendment.  *Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989) (deliberately spreading rumor that prisoner is snitch may state claim for violation of right to be protected from violence while in state custody).

However, this action will be dismissed because Plaintiff has failed to exhaust his administrative remedies for these claims as required by the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA").  The PLRA amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

---

[1] The Court affords Plaintiff application of the mailbox rule as to the filing of his habeas petition. *Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (*pro se* prisoner filing is dated from the date prisoner delivers it to prison authorities).  It appears that Plaintiff gave this pleading to prison authorities for mailing on or about March 19, 2022.  ECF No. 1 at 3.

United States District Court
Northern District of California

facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

An action must be dismissed unless the prisoner exhausted his available administrative remedies

*before* he or she filed suit, even if the prisoner fully exhausts while the suit is pending.  *McKinney*

*v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002); *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th

Cir. 2006) (where administrative remedies are not exhausted before the prisoner sends his

complaint to the court it will be dismissed even if exhaustion is completed by the time the

complaint is actually filed), *but see Ramirez v. Collier*, 142 S. Ct. 1264, 1276 (2022) (suggesting

that plaintiff may satisfy PLRA's exhaustion requirement by filing a complaint, completing the

administrative remedy process, and then filing amended complaint that replaces original) ("The

original defect [of failure to exhaust administrative remedies as required by the PLRA] was

arguably cured by those subsequent filings [of amended complaints after exhausting

administrative remedies].").

At the time Plaintiff filed this action, he had not exhausted administrative remedies.  ECF

No. 1 at 2; ECF No. 3.  The record indicates that Plaintiff began the administrative grievance

process on or around March 19, 2022 and exhausted the grievance on or about March 25, 2022.

ECF No. 3, ECF No. 6-1 at 1.  The PLRA requires that the prisoner exhaust his available

administrative remedies before he files suit, even if the prisoner fully exhausts while the suit is

pending.  *McKinney*, 311 F.3d at 1199.  The Court therefore DISMISSES this action without

prejudice for failure to exhaust administrative remedies prior to filing suit.

**C.     Miscellaneous Requests**

In his complaint, Plaintiff requests appointment of counsel.  ECF No. 1 at 3.  This request

is DENIED as moot.

Plaintiff has requested that the Court stay this action until he has exhausted his

administrative remedies.  ECF No. 3.  The Court DENIES Plaintiff's request for a stay as moot

because he exhausted his administrative remedies on March 25, 2022, and that date has since

passed.

In a letter dated March 19, 2022, and docketed at ECF No. 2, Plaintiff requests that the

Court give his complaint the case number 22-cv-00777 JST, a prior case of his that was dismissed.

United States District Court
Northern District of California

ECF No. 2.  This request is DENIED.  The complaint in this action is distinct from the complaint filed in C No. 22-cv-00777 JST.  The Court cannot reuse case numbers.  Each case number refers to a separate and distinct action.

In a letter dated April 15, 2022 and docketed at ECF No. 6 at 1-2, Plaintiff requests a copy of the pleadings filed in this case for his criminal defense attorney's use in state court proceedings. ECF No. 6 at 1-2.  This request is GRANTED.  The Court will send Plaintiff a photocopy form under separate cover.  Plaintiff must fill out the form and pay the necessary fees in order to obtain copies of pleadings filed in this action.

## CONCLUSION

For the reasons set forth above, the Court orders as follows.

1.       This action is DISMISSED without prejudice for failure to exhaust administrative remedies prior to filing suit.

2.       The Court DENIES as moot Plaintiff's request for counsel (ECF No. 1) and his request for a stay (ECF No. 3).  The Court DENIES Plaintiff's request that this action be assigned case number C No. 22-cv-00777 JST.  ECF No. 2.  The Court GRANTS Plaintiff's request for copies of pleadings filed in this action.  Plaintiff must complete a photocopy form and pay the necessary fees in order to obtain the requested copies.

This order terminates ECF Nos. 1, 2, 3.  The Clerk shall enter judgment in favor of Defendant and against Plaintiff, deny all pending motions as moot, and close the case.

**IT IS SO ORDERED.**

Dated:  June 14, 2022

_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

4